## HORATIO TUTTLE *vs.* DAVID STICKNEY.

Under the statute of December 22, 1808, entitled " an act making further provision for the administration of justice,' no new trial can be granted, unless a petition in writing be actually presented to the court, within three years from the rendition of the original judgment.

THIS was a petition for a new trial in an action, in which judgment had been rendered in favor of *Stickney*, at November term of this court here, in the year 1820. At November term, 1823, an entry was made upon the docket, " *Horatio Tuttle, petitioner, vs. David Stickney*," and a minute was made, that notice was ordered ; but no petition was actually made, until several months afterwards ; and the question was, whether the petition could be considered as presented within three years, within the intent of the statute ?

*Young*, for the petitioner.

*Goodall*, for *Stickney*.

*By the court.* The statute of December 22, 1808, entitled " an act making further provision for the administration " of justice," (1 *N. H. Laws* 82,) authorizes the justices of this court to grant new trials in certain cases, where judgment has been rendered ; " provided, application, by peti- " tion in writing, setting forth the reasons for said review or " new trial, be made to said superior court" ; and " pro- " vided, that application be made for a review or new trial, " as aforesaid, in any of the cases aforesaid, within the term " of three years from the rendition of the original judgment," &c. When the question, which this case presents for our decision, was first submitted to us, we were inclined to think, that it was sufficient to take the case out of the proviso, which limits the application to three years from the rendition of judgment, that the names of the parties were entered upon the docket within that period. But more mature reflection has brought us to a different conclusion. The words of the statute seem to us now too clear and explicit to admit a serious doubt, that the legislature intended, that an application in writing should be made within three years ; and we think, that to permit the statute to be evaded by the construction, for which this petitioner contends, would be to repeal, and not to interpret the language of the proviso. The statute declares, that application, " as aforesaid," shall be made within three years. " The application, as aforesaid," to which the proviso refers, is " *an application by petition in* " *writing.*" Nor is there any necessity, in a case of this kind, to admit a fiction to aid the petitioner. When fictions are countenanced by the law, it is always for the purpose of promoting the cause of justice. But if a fiction were to be adopted in this case, its only object must be to encourage idleness and carelessness in the practice of the members of the bar, which, it is to be feared, are often too well grounded in fact, to need the encouragement of fiction.

*The petition not granted.*