## HOBBS *v.* WHIDDEN.

Under the provisions of chapter 192 of the Revised Statutes, the court have no authority to grant a review unless the petition is filed within three years next after the rendition of the judgment complained of.

PETITION FOR REVIEW. The petition alleged that the petitioner, being of the city of Boston, in Massachusetts, was impleaded by the petitionee, Samuel Whidden, of Portsmouth, in this county, at the September term of the court of common pleas, 1849, in a plea of the case, and that judgment was then and there rendered against the petitioner for $108,90 damages and $5,41 costs of the suit, and that execution was issued on said judgment. It was further alleged that said suit and judgment were founded upon a note of hand, bearing date September 7, 1836, for the sum of $100, and interest, and signed by Horatio D. Hobbs and the petitioner, and payable to said Whidden, or his order, and that the petitioner was in fact merely a surety for said Horatio D. Hobbs, and never received any part of the money for which said note was given; that at the time said note was made the petitioner resided in North Hampton, and continued to reside there until October, 1837; that he has been at North Hampton and Portsmouth two or three times a year ever since, remaining several days at each time; that the petitioner supposed and believed said note was paid many years ago, and that upon making inquiries, some six years ago, he was informed by said Horatio D. Hobbs that he had paid the note, and that with that exception he had never heard the note spoken of from the day of its date until the service of the writ upon him in 1849. The petitioner further averred, in his petition, that on the day of the service of the writ upon him he applied to the Hon. Ichabod Bartlett, a counsellor of that court, at his office at Portsmouth, for advice in relation to it, and was informed that he had a perfect defence to the action, whereupon he retained

said Bartlett to defend the same, and that said Bartlett, by mistake and accident, wholly omitted to enter an appearance in the suit, and in consequence of the omission, judgment was rendered against the petitioner in the manner and for the sums before stated.

The petition in this case was filed with the clerk of this court, in this county, on the 22d day of June, A. D. 1853.

*Marston,* for the petitioner.

*W. H. Y. Hackett,* for the petitionee.

Woods, J. Assuming that the material facts alleged in the petition, namely, the payment of the note and the omission to defend are true, a very strong case is made out for the interposition of the court in behalf of the petitioner. Manifest injustice has been done him, and that, too, through the mere accidental omission of counsel employed by him to appear and make answer to the action. The acknowledged fidelity of Col. Bartlett to his clients would forbid the idea that the omission to make the defence was other than the result of accident or some fault of memory on his part, occasioning the misfortune to the petitioner. But however much the ends of justice may demand a review, and however much the court might be inclined for that cause to grant it, still it is quite plain that we have not now the power. The judgment in the action, which it is proposed to review, was rendered at the September term of the court of common pleas, in 1849, in this county, and this petition was filed with the clerk of this court on the 22d day of June, 1853. More than three years, therefore, had elapsed, since the rendition of the judgment, at the period of the filing of the petition.

Section 6, chapter 192, of the Revised Statutes, which governs this case, provides that " no review shall be granted upon petition, unless such petition is filed within three years

after the rendition of the judgment complained of, or the discontinuance or failure of the original suit," &c.

The meaning of the provision is plain and explicit, admitting of no doubt as to its construction, and fully denying to this court authority to grant a review in a case like the present.    See *Tuttle* v. *Stickney*, 3 N. H. Rep. 319.

*Petition dismissed.*